UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOHIT MOHIT,

        Petitioner,

  v.

MARKWAYNE MULLIN, et al.,

        Respondents.

No.  1:26-CV-03396-TLN-SCR

**<u>SCHEDULING ORDER</u>**

    Petitioner, an immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter has been referred to the undersigned by operation of Local Rule 302(c)(17) and 28 U.S.C. § 636.

    Respondents are directed to show cause why the writ should not be granted by filing an **answer/return within seven (7) days** from the date of this order.  <u>See</u> 28 U.S.C. § 2243. Respondents shall include with the answer/return any and all transcripts or other documents relevant to the determination of the issues presented in the application.  Petitioner may file a **reply/traverse within three (3) days** after being served a copy of it.  Absent a further order of the court, the petition will be taken under submission after the filing of the reply/traverse.

    In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, respondent shall not transfer petitioner to another detention center outside of this judicial district, pending further order of the court.  <u>See</u> 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions…."); <u>see</u> <u>also</u> <u>F.T.C. v. Dean Foods Co</u>., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

    IT IS SO ORDERED.

1