UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MOHIT MOHIT (A#215-828-309), | No.  1:26-cv-03396-TLN-SCR |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| MARKWAYNE MULLIN, et al., | |
| Respondents. | |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  For the reasons set forth below, the undersigned recommends granting the petition and ordering Respondents to immediately release Petitioner.

I.     Factual and Procedural History

Petitioner is a native of India who is currently detained at the Golden State Annex located within this judicial district.  ECF No. 1 at 3, 4.  Petitioner entered the United States on or about November 2, 2018 and was subsequently released by immigration officials on a $25,000 bond.  Id. at 4.  He was "never required to do periodic check-ins … or enroll in the Alternatives to Detention/Intensive Supervision Appearance Program ('ATD/ISAP')" with Immigration and Customs Enforcement ("ICE").  Id. at 4.  During the next seven years that petitioner was at liberty

1

in the U.S., he married a U.S. citizen and established strong ties to the community.[1] Id. at 5. According to Petitioner, he "was released on bond under the discretionary authority of INA § 236(a) and complied for over seven years[.]"[2] Id. at 9. On April 23, 2026, ICE detained Petitioner when he appeared at the Fresno County Superior Court to resolve outstanding criminal charges from 2022. Id. at 4-5. Prior to his detention, Petitioner had a final removal hearing scheduled for May 19, 2026. Id. at 5.

In his § 2241 application, petitioner raises four separate claims for relief. He first alleges that his detention violates the Fifth Amendment Due Process clause based on the revocation of his bond without prior notice or a hearing. ECF No. 1 at 6. Next, he asserts that ICE violated the Accardi Doctrine by failing to follow its own agency regulations. Id. at 7. His third claim is a Fifth Amendment substantive due process challenge. Id. at 8. Finally, petitioner contends that respondents violated § 236(a) of the Immigration and Nationality Act ("INA") by failing to provide him with a constitutionally adequate custody redetermination hearing. Id. at 8-9. By way of relief, petitioner seeks his immediate release or, in the alternative, a constitutionally adequate bond hearing before a neutral decisionmaker where the government has the burden of demonstrating by clear and convincing evidence that his detention is justified based on flight risk or danger. Id. at 10.

Respondent filed an answer on May 12, 2026, asserting that petitioner is mandatorily detained pursuant to 8 U.S.C. § 1225(b) as an "applicant for admission." ECF No. 7 at 2. Although Respondents acknowledge that Petitioner was previously released by immigration officials, they contend that this fact "does not alter Petitioner's status nor endow Petitioner with constitutional rights not provided for by statute." Id. at 3. According to Respondents, Petitioner

---

[1] Petitioner has a pending I-130 application with U.S. Citizenship and Immigration Services based on his marriage to a U.S. citizen. ECF No. 1-1 at 4. Should that application be approved, an immigration judge may then grant him lawful permanent resident status through his removal proceedings. Even if it not approved until after an order of removal is entered against him, such approval could form the basis for a motion to reopen the removal proceedings. See Kalilu v. Mukasey, 548 F.3d 1215, 1217-18 (9th Cir. 2008) (per curiam) (describing a non-citizen's ability to file a motion to reopen with an approved I-130 petition).

[2] This provision of the INA is codified at 8 U.S.C. § 1226(a).

does not have a Constitutionally protected interest in remaining at liberty because he "(1) had an encounter with law enforcement; [and] (2) had a period of release terminated because of that law enforcement encounter." Id. at 3. Respondents submitted a copy of petitioner's pending criminal charges in the Fresno County Superior Court.[3] ECF No. 7-2 (Criminal complaint charging Petitioner with Assault With a Deadly Weapon and Battery with Serious Bodily Injury). Respondents do not contend that Petitioner has been convicted of any criminal offense or that he is removable based on these pending charges. See ECF No. 7-1 at 2 (I-213 indicating that petitioner is charged with being removable under INA § 212(a)(7)(A)(i)(I) for being present without admission or parole).

In reply, Petitioner counters that Respondent's position "is contrary to the statute's text, structure, historical agency interpretation, and controlling Ninth Circuit precedent. Even if § 1225(b) applied (which it does not), Petitioner's long-term community release on bond created a protected liberty interest requiring procedural due process before revocation." ECF No. 8 at 2.

## II.   Legal Standards

### A.   Jurisdiction

The federal habeas statute confers subject matter jurisdiction over challenges to any individual's confinement "in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). This case presents both statutory and constitutional challenges to petitioner's ongoing immigration detention. This court has jurisdiction.

### B.   Applicable Immigration Detention Statute

Under the INA, § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). Section 1226(a) provides the Government broad

---

[3] The undersigned grants Respondents request to take judicial notice of exhibits submitted with their answer that are from petitioner's immigration record and the Fresno County Superior Court. See Dent v. Holder, 627 F.3d 365, 371 (9th Cir. 2010) (taking judicial notice of "official agency records" from a noncitizen's A-file); see also Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

discretion whether to release or detain the individual and it provides several layers of review for an initial custody determination. Id.  It also confers "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Id. at 1202. Conversely, § 1225(b)(2) mandates detention during removal proceedings for "applicants for admission" who are "seeking admission" and does not provide for a bond hearing.

**III.    Analysis**

In this case, Petitioner claims his detention without a pre-deprivation hearing violates the Immigration and Nationality Act ("INA") codified at 8 U.S.C. § 1226(a) because he was previously released on bond under this statute.  In opposition, Respondents contend Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), but they acknowledge that the weight of authority is not in their favor.  ECF No. 7 at 2; see H.F. v. Albarran, No. 1:25-cv-1795 TLN EFB, 2025 WL 3691081, at *3 (E.D. Cal. Dec. 19, 2025); Salcedo Aceros v. Kaiser, No. 25-cv-6924 EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).

Petitioner was previously released on a $25,000 bond pursuant to 8 U.S.C. § 1226(a)(2)(A) and its implementing regulation at 8 C.F.R. § 1236.1(d).  By extension, that would make § 1226(a) the basis for petitioner's current detention, as "the initial decision to pursue petitioner's detention under § 1226(a) precludes the government from later 'switch[ing] tracks' to subject him to mandatory detention under § 1225(b)(2)." Gutierrez v. Chesnut, No. 1:25-cv-1515 DAD AC (HC), 2025 WL 3514495, at *5 (E.D. Cal. Dec. 8, 2025) (collecting cases).  Petitioner's prior release pursuant to § 1226(a) created a protected liberty interest that is "inherent in the Due Process Clause." Guillermo M.R. v. Kaiser, 791 F.Supp.3d 1021, 1030 (N.D. Cal. July 17, 2025) (citations omitted).  As a result, the undersigned finds that petitioner's re-detention without notice and an opportunity to be heard violated his right to due process.  Therefore, he is entitled to habeas relief.

Petitioner's pending criminal charges are insufficient to require a post-deprivation hearing instead of immediate release as the remedy in this case.  Courts have found post-deprivation remedies appropriate only in cases with particularized flight risks that "urgently require arrest"

4

and where a pre-deprivation hearing "would have been impracticable and/or would have motivated [petitioner's] flight." O.A.C.S. v. Wofford, No. 1:25-cv-1652 DAD CSK (HC), 2025 WL 3485221, at *4 (E.D. Cal. Dec. 4, 2025) (quoting Martinez Hernandez v. Andrews, No. 1:25-cv-1035 JLT HBK, 2025 WL 2495767, at *11–12 (E.D. Cal. Aug. 28, 2025)).  Respondents have not identified any such urgency in this case that would make a pre-deprivation hearing impracticable here.  Thus, immediate release is the appropriate remedy.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED as follows:

a. Respondents be ORDERED to immediately release Petitioner Mohit Mohit (A#215-828-3090) from Respondent's custody under the same conditions he was released prior to his current detention.  Respondents shall not impose any additional restrictions on him, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.

b. At the time of release, Respondent be required to return all of Petitioner's documents and possessions.

c. Respondents be ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk.  At any such hearing, Petitioner shall be allowed to have counsel present.

c. Any order adopting these findings and recommendations include language that it does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

2. The Clerk of the Court be directed to:

a. Serve the Golden State Annex Detention Facility with a copy of this Order; and

b. Enter judgment in petitioner's favor and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 31, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE